# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN SCHAEFER, | ) |
| and | ) |
| STACY SCHAEFER, | ) |
| Plaintiffs, | ) |
| v. | ) JURY TRIAL DEMANDED |
| AMERICREDIT FINANCIAL SERVICES, INC. D/B/A GM FINANCIAL, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiffs, John Schaefer and Stacy Schafer ("Plaintiffs"), and for their Complaint against the Defendant, AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM"), Plaintiffs allege as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

## JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1681 and pursuant to 28 U.S.C. § 1331.

3. Venue in this District is proper in that Plaintiffs reside here, Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

4. Plaintiffs are natural persons that reside in Archie, Missouri.

5. Plaintiffs are "consumer(s)" as defined by the FCRA, 15 U.S.C. § 1681a(c).

6. GM is a corporation that regularly transacts business in Missouri.

7. GM regularly and in the course of business furnishes information to various consumer reporting agencies regarding GM's transactions with consumers, and so is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b).

## STATEMENT OF FACTS

8. Plaintiffs repeat, re-allege, and incorporate by reference all paragraphs above as if fully rewritten here.

9. On or about April 20, 2005, the Plaintiffs entered into an agreement with Extreme Ford to purchase a 2005 Ford Freestyle.

10. As a part of that agreement, the Plaintiffs financed a portion of the vehicle purchase through GM ("the account").

11. In 2008, the Plaintiffs, dealing with financial hardship, began struggling to make timely payments on the account.

12. In May 2010, after the Plaintiffs' account fell delinquent for several months, GM charged off the account.

2

13. There was a remaining balance owed of $11,738.43.

14. On or about February 22, 2014, GM sent Plaintiffs two identical Form 1099-C statements, labeled "Cancellation of Debt."

15. In accordance with IRS guidelines, the Plaintiffs reported the canceled debt from the account as income and paid taxes on the same with their 2014 taxes.

16. On or about January 5, 2015, the Plaintiffs both obtained copies of their credit reports.

17. The Plaintiffs were alarmed to discover that GM was continuing to report the account as due and owing.

18. In February 2015, both Plaintiffs sent written disputes to each of the three major consumer reporting agencies ("CRAs"), Experian, Trans Union and Equifax.

19. Pursuant to § 1681i of the FCRA, the CRAs were obligated to reinvestigate the disputed account for accuracy.

20. On information and belief, as part of its investigation of Plaintiffs' written disputes, the CRAs sent notice of Plaintiffs' disputes to GM.

21. Pursuant to 1681s-2(b) of the FCRA, GM was then obligated to reinvestigate the disputed information for accuracy and modify or delete the information if it determined the disputed information was incomplete or inaccurate.

22. On information and belief, GM sent correspondence to the CRAs indicating the Plaintiffs still owed a balance on the account that was active and currently due.

23. As a result, all three CRAs responded to Plaintiffs by stating that the disputed information was verified by GM as reporting correctly on both Plaintiffs' credit reports.

24. In March 2015, Plaintiffs sent another written dispute to CRAs disputing GM's inaccurate reporting. Specifically, the Plaintiffs disputed the accuracy of the reported balance, the reported monthly payments due, and the currently overdue payments.

25. On information and belief, GM once again sent notice to the CRAs that the disputed information was reporting accurately.

26. As a result, all three CRAs continue to report the derogatory and inaccurate information about the cancelled debt.

27. Despite the Plaintiffs' repeated efforts to remove this derogatory information from their credit reports, GM continues to report a balance due.

28. As a result of GM's inaccurate reporting, the Plaintiffs have suffered and continue to suffer actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, humiliation, and other damages in an amount to be determined by the jury in addition to the statutory damages in an amount to be determined by the Court.

## CLAIM FOR RELIEF

**Negligent and Willful Violations of 15 US.C. § 1681s-2**

29. Plaintiffs repeat, re-allege, and incorporate by reference all paragraphs above as if fully rewritten here.

4

30. GM is a "furnisher" as that term is used in 15 U.S.C. § 1681*s-2*.

31. Furnishers of credit information have duties under the FCRA, specifically 15 U.S.C. § 1681*s-2*(b)(1), to investigate disputes initiated from consumers to CRAs as to the accuracy of information reported by the furnisher.

32. On at least two (2) occasions in February 2015 and two (2) occasions in March 2015 the Plaintiffs contacted the CRAs and disputed the accuracy of the information reported by GM.

33. Both Plaintiffs specifically advised the CRAs that the GM account was reporting inaccurate information. They provided all necessary information to the CRAs to support their disputes, and requested the false information be corrected accordingly.

34. Upon information and belief, and pursuant to 15 U.S.C. § 1681*i*(a)(2), GM received notification of these disputes from the CRAs.

35. By failing to conduct a reasonable investigation of the Plaintiffs' disputes in this regard, GM negligently and/or willfully violated § 1681*s-2*(b)(1) with respect to each dispute lodged by the Plaintiffs.

36. As a direct and proximate result of GM's willful and/or negligent refusal to comply with the FCRA as described herein, the Plaintiffs have suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling the Plaintiffs to an award of actual damages as determined by the jury, plus attorney's fees and the costs of this action, pursuant to 15 U.S.C. § 1681*o*.

37. GM's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard for the rights of the Plaintiffs. Furthermore, the injuries suffered by the Plaintiffs are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against GM, pursuant to 15 U.S.C. § 1681$n$(a)(2).

**WHEREFORE** the Plaintiffs prays for judgment in their favor and against GM, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorney's fees and costs; and

(e) Any further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial on all issues so triable.

Respectfully submitted,

**CREDIT LAW CENTER**

By: <u>s/Andrew M. Esselman</u>
Andrew M. Esselman #64837
255 NW Blue Parkway, Suite 200a
Lee's Summit, MO 64063

Tele: (816) 246-7800  
Fax: (855) 523-6884  
andrewe@creditlawcenter.com  
**Attorney for Plaintiff**